BOLIN, Judge.
International Paper Company and its collision insurer, Fireman’s Fund Insurance Company, appeal from a judgment rejecting their demands in tort against Knighton Fruit Company, Saunders Truck Rental System and James P. Shaffer.
A collision between a truck and trailer owned by International Paper Company and a truck owned by Saunders Truck Rental System, leased to Knighton Fruit Company and driven by James P. Shaffer, resulted in damages to the paper company truck. Fireman’s paid International Paper Com *645 pany for the damage to the latter’s truck and appears in this suit as subrogee; the paper company is suing to recover that portion of its damages not covered by the insurance policy.
The main defense is that the accident was caused entirely by the negligence of International Paper Company and alternatively, if defendant driver should be found guilty of any negligence, the contributory negligence of plaintiffs driver prevents recovery.
The accident occurred at approximately 2 a. m. on a blacktop highway in Webster Parish and visibility was limited because of a light fog. The International Paper Company truck was traveling south when it struck a mule causing the vehicle to jackknife and the tractor portion to go across the road and partially into the ditch facing east and the trailer portion to remain on the highway at an angle blocking the entire northbound lane of travel and most of the southbound lane. The driver of the paper company truck testified that immediately after the accident he placed flares approximately ISO feet in front of his wrecked truck, one a like distance to the rear and another near the center line of the highway in the southbound lane in the vicinity of the disabled trailer.
While the International Paper Company’s truck was in such a position a cattle truck approached, also from the north, parked on the right side of the highway and this driver left the bright lights burning on his truck. At least one of the front lights was also left burning on the paper company truck but, since the cab was facing the ditch, the beam from the light did not reflect southward down the highway. While these two trucks were thus positioned on the highway, the Knighton Fruit Company truck, driven by Shaffer, approached the scene traveling north at a normal rate of speed. The Knighton driver testified he did not notice the headlight of the International Paper Company truck, since it was shining in an easterly direction, but he did observe the headlights of the cattle truck on high beam in the southbound lane of travel. The Knighton truck driver, because of the fog and the lights of the cattle truck, did not see the disabled paper company truck nor any flares until he was almost upon it, at which time he applied his brakes and his truck slid into the International Paper Company vehicle causing the damages made the basis of this suit.
At the conclusion of the trial, the lower court dictated its reasons for judgment into the transcript. The trial judge found the driver of the International Paper Company truck to be negligent in permitting his truck to remain in a position blocking the lane of travel for northbound vehicles in light of the particular circumstances of this case. He concluded plaintiff’s driver was obligated by Louisiana Revised Statutes 32:141, subd. B to use every reasonable means to protect other traffic while his vehicle was disabled and blocking the highway. Because of the high beam of the lights of the cattle truck directly facing oncoming traffic and the atmospheric conditions, the district judge felt the plaintiff should have done more than merely place flares. The lower court also found the driver of the Knighton Fruit Company truck negligent but rejected plaintiffs’ demands under the plea of contributory negligence.
In order to consider the plea of contributory negligence it is necessary to find or assume that defendant was guilty of negligence which was a proximate cause of the accident. Assuming, for the sake of argument, that defendant driver was guilty of negligence, we direct our attention to the question of whether defendant has proved contributory negligence against the plaintiff driver.
Louisiana Revised Statutes 32:141, subd. B provides:
******
“The provisions of this Section shall not apply to the driver of any vehicle which *646 is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.” (Emphasis added.)
The evidence is conflicting as to whether the plaintiff driver placed a flare to the front of his truck. The state trooper who arrived after the accident testified that if a flare had been placed to the front it must have been knocked over because he did not notice it. In any event, defendant driver testified he did not see any such flare. We conclude the flare had either been knocked over or was not visible to the operator of a vehicle approaching from the south because of the foggy conditions and the bright lights of the cattle truck.
We feel, as did the trial judge, that plaintiff did not sufficiently discharge his duty to protect traffic. In fact, the drivers of both the cattle truck and the paper company truck testified that after the accident they were in the ditch checking on the mule which had been struck by the truck and were making no effort to in any way warn other motorists of the dangerous situation created by the wreck. The trial judge commented in his reasons for judgment that, because of the unusual conditions existing at the situs of the accident, plaintiff driver should have attempted to warn other motorists by additional means such as “flagging or waving or doing something.” With this observation we are in complete accord.
We find plaintiff driver guilty of negligence in failing to comply with the section of the highway regulatory act, cited supra, and that such negligence was a proximate cause of the accident. Defendants’ plea of contributory negligence is accordingly sustained and plaintiffs’ demands are rejected at their cost.
Affirmed.